IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDIS MAEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHEVRON TEXACO CORP., CHEVRON U.S.A. INC., CHEVRON ENERGY SOLUTIONS L.P.,<br><br>　　　　Defendants. | No. C 04-00790 JSW<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW GOOD CAUSE AND TO SUBMIT EVIDENTIARY OBJECTIONS** |

　　　　Defendants Chevron Texaco Corp., Chevron U.S.A. Inc., and Chevron Energy Solutions L.P. (collectively "Defendants") filed a motion for summary judgment or, in the alternative, for partial summary judgment, which is set to be heard on June 24, 2005. Pursuant to Civil Local Rule 7-3, the opposition of Plaintiff Landis Maez ("Plaintiff"), including any affidavits or declarations, was due to be filed and served by no later than Friday, June 3, 2005, twenty-one days before the hearing date.

　　　　On June 3, Plaintiff filed an opposition brief and declaration. On June 6, the following Monday, Plaintiff filed a revised brief and declaration ("late-filed brief" and "late-filed declaration"). The late-filed declaration differs from the original declaration by way of: the insertion of and changing citations to identify exhibits by number; the addition of a phrase to paragraph 18; and the insertion of an entirely new paragraph at the end of the declaration, paragraph 95. (*Compare* Docket No. 78 *with* Docket No. 80.) The signature pages of the two declarations appear identical, and they are both dated June 3, 2005. (*Id.*)

1    The late-filed opposition brief also differs from the original brief. (*Compare* Docket No. 77 *with* Docket No. 79.) In addition to filling in blank citations referring to paragraphs in the declaration and to exhibits, Plaintiff altered the few citations actually included in the original brief and substantially revised large sections of the brief. (*Id*.)

    Plaintiff did not provide the Court with chambers' copies of the brief and declaration filed on June 3, 2005. Rather, he only provided the Court with chambers copies of the late-filed, revised brief and declaration. Plaintiff's only explanation for filing the revised brief and declaration was that he made the originally filed documents "more neutral" to "maintain the integrity of Judge LaPorte's Protective Order." (Docket Nos. 79 and 80.) It is unclear to the Court how omitting cites to a declaration publicly filed the same day, or omitting solely the number of the exhibits, would have been required to protect the confidentiality of any documents. Moreover, Plaintiff has not provided *any* explanation for the substantive changes he made to his opposition brief and declaration. Finally, did not move the Court to file his revised brief and declaration late. Therefore, the Court will not consider such documents in evaluating Defendants' pending motion for summary judgment.

    Although Plaintiff has provided chambers' copies of the exhibits, Plaintiff has still not *filed* any of the exhibits referenced in his declaration and opposition brief. Nor has Plaintiff provided any authority to the Court demonstrating it may consider evidence which has not been filed, and is therefore not part of the record. According to Plaintiff's notices filed on June 6, many of the 400 pages of documents attached to Plaintiff's declaration "could be construed as being confidential and subject to Judge Laporte's Protective Order, at least to the extent Plaintiff is prohibited from publicly filing or posting the documents via the Court's ECF process." The Protective Order entered in this case states that "this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal." (Protective Order, ¶ 1.) The Protective Order further provides: "Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this

action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5."  The Protective Order defines "Protected Material" as "any Disclosure or Discovery Material that is designated as 'Confidential.'"  Civil Local Rule 79-5 sets out specific procedures parties must follow if they wish to file documents under seal.

It is not clear which, if any, of the documents in the exhibits attached to Plaintiff's declaration in the chambers' copy have been designated as confidential.  Moreover, Plaintiff has not provided any explanation as to why he did not follow the procedures set forth in Civil Local Rule 79-5.  Unless and until the exhibits are physically filed with the Court, whether under seal or in the public file, the Court cannot consider the exhibits as evidence in opposition to Defendants' motion.

Plaintiff is HEREBY ORDERED to demonstrate good cause why the Court should allow Plaintiff to file such exhibits late.  If Plaintiff believes such documents should be filed under seal, Plaintiff is FURTHER ORDERED file an administrative motion seeking leave to file such documents under seal in accordance with Civil Local Rules 79-5 and 7-11.  Plaintiff shall file his response to this order, including any administrative motion for leave to file under seal, by no later than June 17, 2005.

In his opposition brief filed on June 3, 2005, Plaintiff informed the Court that he will be making a request to file written objections to the evidence submitted by Defendants in support of their motion.  To date, Plaintiff has not done so.  Plaintiff shall file any such objections to Defendants' evidence by no later than June 17, 2005, and is hereby advised that the Court will not consider any evidentiary objections submitted after this date.

**IT IS SO ORDERED.**

Dated: June 15, 2005                     /s/ Jeffrey S. White
                                         JEFFREY S. WHITE
                                         UNITED STATES DISTRICT JUDGE

3