IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDIS MAEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CHEVRON TEXACO CORP., CHEVRON U.S.A. INC., CHEVRON ENERGY SOLUTIONS L.P.,<br><br>    Defendants.<br>_____/ | No. C 04-00790 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 24, 2005:

      The Court **tentatively GRANTS IN PART and DENIES IN PART** Defendants' motion for summary judgment. The Court **tentatively GRANTS** Defendants' motion as follows:

    (1)    Plaintiff's third claim for breach of oral or written agreements or promises to the extent it is premised on Plaintiff's termination without good cause. Despite Plaintiff's allegations under this claim in paragraph 69 of the complaint, Plaintiff represents that this cause of action does not include a claim for termination without good cause, but rather, is premised on a breach of the July 2003

|   |   |   |
|---|---|---|
| 1 |   | Incentive Plan and of a breach of Defendants' written promise not to retaliate |
| 2 |   | against Plaintiff for filing an internal STEPS grievance. |
| 3 | (2) | Plaintiff's fifth claim for declaratory relief on the grounds that Plaintiff has not |

(2) Plaintiff's fifth claim for declaratory relief on the grounds that Plaintiff has not pointed to any evidence in the record demonstrating the existence of an actual case or controversy regarding the Defendants' Proprietary and Confidentiality Agreement "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991).

The Court **tentatively DENIES** Defendants' motion on the remaining issues based on the existence of genuine issues of material fact. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have twenty minutes to address the following questions:

(1) Plaintiff's first claim is entitled "Violation of California Industrial Wage Orders Including Nonpayment of Wages." The allegations under the first claim reference California Labor Code §§ 206 and 206.5, but do not identify any particular wage order. On what Industrial Wage Order and/or California Labor Code section is Plaintiff suing in his first claim?

(2) The Court tentatively agrees with Defendants that their contention that Plaintiff cannot sue under California's labor laws is not a choice of law issue. Rather, Defendants are arguing that Plaintiff, as a non-California resident, is not a proper plaintiff. Under California law, there is a presumption against applying state laws extraterritorially to encompass conduct occurring in a foreign jurisdiction. *North Alaska Salmon Co. v.*

2

*Pillsbury Council, Inc.*, 174 Cal. 1, 4 (1914); *Diamond Multimedia Systems v. Superior Court*, 19 Cal.4th 1036, 1060 n.20 (1999).  Nevertheless, does the evidence submitted by Defendants demonstrating that Plaintiff visited California a couple of times every month for business and that his entire customer base was in California, create a question of fact regarding whether Plaintiff earned wages for work conducted in California?  (*See* Declaration of M.D. Moye, Ex. B: Maez Depo. at 134:17-135:4.)

(3) Does Plaintiff dispute that Defendants cannot be liable for waiting-time penalties pursuant to California Labor Code § 203 if they honestly disputed the amount of compensation Plaintiff alleges he was owed?  What specific evidence in the record, if any, does Plaintiff rely on to demonstrate a question of fact as to whether Defendants had a good faith dispute on how the incentive compensation should be determined on the Sunkist project and thus, how much Plaintiff was owed under the 2003 Incentive Compensation Plan?

(4) Do Defendants dispute that Plaintiff was owed at least $2,465 for the Spa Casino project pursuant to the 2003 Incentive Compensation Plan but was only paid $2,218.56?  Furthermore, do Defendants dispute that when Plaintiff was terminated, he was still owed but had not yet been paid at least 25% of the amount owed to him for the Spa Casino project?  If so, on what bases do Defendants dispute these facts?

(5) Defendants argue that Plaintiff's declaration regarding his payments on the Spa Casino project are contradicted by his earlier deposition testimony.  In support of this argument, Defendants cite to pages 99 through 103 of Plaintiff's deposition transcript, but only page 101 of these pages is in the record.  Is there any other evidence in the record that supports Defendants' argument?

(6) Defendants argue that they laid off Plaintiff as part of a reduction-in-force and their decision to no longer pursue the Build, Own, and Operate cogeneration systems ("BOO projects") on which Plaintiff worked.  In response, Plaintiff submits a declaration in which he states that: (1) Defendants continued to call on his accounts after he left, including a prospective BOO project customer; (2) Defendants were still offering "BOO cogen" at a trade conference after Plaintiff was terminated; (3) after Plaintiff was terminated, Defendants entered into a BOO contract with the United States Army; and (4) Defendants advertised for Plaintiff's position after he was terminated.  (Maez Decl., ¶¶ 64-69).  Do Defendants claim that the foregoing is insufficient to create a question of fact regarding Defendants' reason for terminating Plaintiff's employment?  If so, on what basis?

3

1  (7)  Do the parties have anything further to add?

3  Dated: June 23, 2005

    /s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE